UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WEBB #236602,

    Plaintiff,                                    Hon. Hala Y. Jarbou

v.                                                  Case No. 1:22-cv-504

MICHELLE BRAY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

## BACKGROUND

Plaintiff initiated this action against Nurse Practitioner Michelle Bray and Prison Counselor Brent Jones concerning events that occurred at the Brooks Correctional Facility where Plaintiff was then incarcerated. In his complaint, Plaintiff alleges the following.

In September 2021, Plaintiff was examined by Defendant Bray. Plaintiff reported that due to an enlarged prostate, he experienced "frequent and uncontrollable urination" and experienced "severe pain" if unable to relieve himself quickly enough. Plaintiff requested that Bray provide him with a medical accommodation allowing him

-1-

to "come out of his cell at any time to use the unit bathroom." Bray denied Plaintiff's request on the ground that such was a "security issue." In response, Plaintiff requested a portable urinal which Bray denied on the ground that such could be only provided to prisoners confined to a wheelchair.

On October 25, 2021, Plaintiff addressed the matter with Defendant Jones who denied Plaintiff's request for an accommodation to exit his cell at any time to use the bathroom. Jones instructed Plaintiff that he would have to obtain a special detail from Health Services.[1]

On October 27, 2021, the facility was subject to an "emergency count" during which Plaintiff was confined to his cell for a "long time." Unable to use the bathroom during this time, Plaintiff urinated on himself. On November 2, 2021, the facility was again subjected to an "emergency count" during which Plaintiff was confined to his cell for "approximately 5 hours." At some point during his confinement, Plaintiff informed Defendant Jones that he was experiencing "serious pain in his bladder from his urine building up." Jones denied Plaintiff's request to exit his cell to use the bathroom on the ground that he did not have a medical detail authorizing him to exit his cell during prisoner count. Unable to exit his cell to use the bathroom, Plaintiff urinated on himself. On November 10, 2021, Plaintiff again urinated on himself after Defendant Jones denied his request to use the bathroom during an "emergency count."

---

[1] Plaintiff does not identify the precise date of his prior encounter with Defendant Bray. It is apparent, however, from Plaintiff's complaint that this encounter occurred prior to Plaintiff's October 25, 2021 encounter with Defendant Jones.

Plaintiff alleges that Defendants' conduct violated his Eighth Amendment rights. Defendant Bray now moves the Court to dismiss Plaintiff's claims on the ground that Plaintiff has failed to properly exhaust his available administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S.

199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but

concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

The present dispute concerns one grievance – Grievance LRF-21-11-1603-17i. The parties agree that Plaintiff pursued this grievance through all three steps of the prison grievance procedure and there is no evidence that Plaintiff pursued (or attempted to pursue) any other grievance regarding his claims against Defendant Bray. The parties simply disagree whether this grievance served to properly exhaust Plaintiff's claims against Defendant Bray.

In his complaint, Plaintiff alleges that Defendant Bray improperly refused his requests for (1) accommodation to exit his cell at any time use the bathroom and (2) a plastic portable urinal. While Plaintiff does not specify the precise date on which Bray denied his requests, he alleges that his encounter with Defendant Bray occurred in September 2021. More importantly, it is apparent from Plaintiff's complaint this his encounter with Defendant Bray occurred *before* the October and November 2021 encounters with Defendant Jones described above.

On October 28, 2021, Plaintiff submitted his Step I grievance. (ECF No. 20-1 at PageID.78). With respect to the attempt he made to resolve his dispute prior to filing a grievance, Plaintiff asserted that he spoke with Defendant Jones on October 25, 2021. Plaintiff explained to Jones that Defendant Bray had previously denied his requests for an accommodation or a plastic urinal. Plaintiff explained that because Bray's decision was premised on the conclusion that Plaintiff's request implicated a "security issue," Plaintiff needed to instead resolve the matter with Jones. With respect to the particular issue that he was attempting to resolve through the grievance, Plaintiff expressly referenced Defendant Jones' decision on October 27, 2021, to not allow him to exit his cell during "emergency count." (*Id.*).

Simply put, while Plaintiff's grievance mentions Defendant Bray, it is only in the context of explaining to Defendant Jones why Plaintiff was attempting to resolve the matter with him. It is not reasonable to interpret Plaintiff's grievance as putting Bray or prison officials on notice that Plaintiff was grieving Defendant Bray's decision, approximately one month earlier, to deny his requests for an accommodation or plastic urinal. Thus, Defendant Bray has satisfied her burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies as to his claims against her. Accordingly, the undersigned recommends that Defendant Bray's motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 20) be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 28, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge