UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WEBB,

    Plaintiff,

v.

    Case No. 1:22-cv-504

    Hon. Hala Y. Jarbou

MICHELLE BRAY, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Charles Webb brought this prisoner civil rights action under 42 U.S.C. § 1983 against Defendants Michelle Bray and Brent Jones. Defendant Bray brought a motion for summary judgment arguing that Plaintiff failed to exhaust his available administrative remedies before bringing his claim against her (ECF No. 20). Magistrate Judge Phillip J. Green entered a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion for summary judgment (ECF No. 29). Before the Court are Plaintiff's objections to the R&R (ECF No. 37). For the reasons stated below, this Court will adopt the R&R and grant Defendant's motion.

Under Rule 72 of the Federal Rules of Civil Procedure, a party may file written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If such objections are filed, then:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff alleges that he has an enlarged prostate, which requires him to urinate multiple times per day.  He further alleges that Defendant Bray, a nurse practitioner, denied him a medical accommodation to come out of his cell whenever he needed to use the bathroom and then denied his request for a portable urinal.  A month later, Defendant Jones, a corrections officer, denied Plaintiff's requests to leave his cell to use the bathroom on three separate days during emergency counts, causing Plaintiff to urinate on himself.  Plaintiff filed a grievance about this issue the day after Jones first denied Plaintiff's request.  The magistrate judge concluded that this grievance did not exhaust Plaintiff's claim against Bray because the grievance focused on conduct by Jones rather than Bray.

Plaintiff's primary objection to the Report and Recommendation is that "his grievance establishes that he talked to defendant Bray about his medical condition (enlarge[d] prostate), which necessitates excessive access to the bathroom via accommodation, or in the alternative [issuance of] a plastic urinal.  Both requests were denied."  (Pl.'s Objs. 1, ECF No. 37.)  Plaintiff concedes that his grievance was untimely to the extent it challenged Bray's conduct, but he argues that "he should not be punished because prison officials failed to enforce their policy concerning un-timeliness." (*Id.* (citing *Threatt v. Arredia*, No. 2:05-CV-97, 2008 WL 762232, at *2 (W.D. Mich. Mar. 19, 2008)).)

Plaintiff's argument is irrelevant because the magistrate judge did not conclude that his grievance was untimely.  Instead, as the magistrate judge pointed out, Plaintiff's grievance complained that Jones did not let him out of his cell.  It also asserted that Plaintiff attempted to resolve this issue by speaking with Jones.  And "while Plaintiff's grievance mentions Defendant Bray, it is only in the context of explaining to Defendant Jones why Plaintiff was attempting to

2

resolve the matter with him." (R&R 7.) Consequently, Plaintiff's grievance would not have put prison officials on notice that Plaintiff was complaining about conduct by Bray.

The purpose of the exhaustion requirement is to "allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). By focusing on Jones, Plaintiff's grievance did not give prison officials a fair opportunity to correct Bray's conduct. Thus, the Court agrees with the magistrate judge that Plaintiff did not properly exhaust his administrative remedies before filing suit against Defendant Bray. In short, the Court discerns no error in the magistrate judge's recommendation to grant Defendant Bray's motion for summary judgment.

On the other hand, unlike the magistrate judge, the Court does not conclude that an appeal of this decision would be frivolous or in bad faith. The Court's decision is not appealable until a judgment is filed, but when a judgment is entered, an appeal concerning the decision herein would not necessarily be frivolous or in bad faith.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 29) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court insofar as it recommends granting Defendant Bray's motion.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 20) is **GRANTED**.

3

4

**IT IS FURTHER ORDERED** that Defendant Bray is **DISMISSED** due to Plaintiff's failure to exhaust available administrative remedies with regard to his claim against her.

Dated: September 28, 2023 	 /s/ Hala Y. Jarbou
	HALA Y. JARBOU
	CHIEF UNITED STATES DISTRICT JUDGE