UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WEBB #236602,

    Plaintiff,                                Hon. Hala Y. Jarbou

v.                                                   Case No. 1:22-cv-504

MICHELLE BRAY, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 48). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

**BACKGROUND**

Plaintiff initiated this action against Nurse Practitioner Michelle Bray and Prison Counselor Brent Jones concerning events that occurred at the Brooks Correctional Facility where Plaintiff was then incarcerated. In his complaint, Plaintiff alleges the following.

In September 2021, Plaintiff was examined by Defendant Bray. Plaintiff reported that due to an enlarged prostate, he experienced "frequent and uncontrollable urination" and experienced "severe pain" if unable to relieve himself quickly enough. Plaintiff requested that Bray provide him with a medical accommodation allowing him

-1-

to "come out of his cell at any time to use the unit bathroom." Bray denied Plaintiff's request on the ground that such was a "security issue." In response, Plaintiff requested a portable urinal which Bray denied on the ground that such could be only provided to prisoners confined to a wheelchair.

On October 25, 2021, Plaintiff addressed the matter with Defendant Jones who denied Plaintiff's request for an accommodation to exit his cell at any time to use the bathroom. Jones instructed Plaintiff that he would have to obtain a special detail from Health Services.[1]

On October 27, 2021, the facility was subject to an "emergency count" during which Plaintiff would be confined to his cell for a "long time." Defendant Jones denied Plaintiff's request to use the bathroom prior to the emergency count. Unable to use the bathroom during this time, Plaintiff urinated on himself. On November 2, 2021, the facility was again subjected to an "emergency count," during which Plaintiff was confined to his cell for "approximately 5 hours." At some point during his confinement, Plaintiff informed Defendant Jones that he was experiencing "serious pain in his bladder from his urine building up." Jones denied Plaintiff's request to exit his cell to use the bathroom on the ground that he did not have a medical detail authorizing him to exit his cell during prisoner count. Unable to exit his cell to use the bathroom, Plaintiff urinated on himself. On November 10, 2021, Plaintiff again urinated on

---

[1] Plaintiff does not identify the precise date of his prior encounter with Defendant Bray. It is apparent, however, from Plaintiff's complaint that this encounter occurred prior to Plaintiff's October 25, 2021 encounter with Defendant Jones.

himself after Defendant Jones denied his request to use the bathroom during an "emergency count."

Plaintiff alleges that Defendants' conduct violated his Eighth Amendment rights. Plaintiff's claims against Defendant Bray were previously dismissed for failure to properly exhaust administrative remedies. (ECF No. 29, 40). Defendant Jones now moves the Court to dismiss Plaintiff's claims for failure to exhaust administrative remedies. Plaintiff has failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the

Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

As noted above, Plaintiff's claims against Defendant Jones involve interactions on four separate dates: (1) October 25, 2021; (2) October 27, 2021; (3) November 2, 2021; and (4) November 10, 2021.   In support of his motion for summary judgment, Defendant Jones has presented evidence that Plaintiff pursued one grievance – Grievance LRF-21-11-1603-17i – through all three steps of the prison grievance procedure.   (ECF No. 47-2, PageID.229-38).   In this grievance, Plaintiff alleges that Defendant Jones improperly denied his requests to use the bathroom on October 25, 2021, and October 27, 2021.   (*Id.*, PageID.237).

Defendant concedes that this grievance properly exhausts Plaintiff's claims regarding the events of October 25, 2021, and October 27, 2021.   Defendant argues, however, that this grievance fails to exhaust Plaintiff's claims regarding the events of November 2, 2021, and November 10, 2021.   The undersigned agrees.   Plaintiff has failed to respond to the present motion and has, therefore, failed to present any evidence that he pursued any other grievances or otherwise exhausted his administrative remedies with respect to these latter two claims.

Accordingly, the undersigned finds that Defendant Jones has satisfied his burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies with respect to his claims regarding the events of November 2, 2021, and November 10, 2021.   The undersigned recommends, therefore, that these two claims be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 48) be granted. Specifically, the undersigned recommends that Plaintiff's claims against Defendant Jones concerning the events of November 2, 2021, and November 10, 2021, be dismissed and Plaintiff's claims against Defendant Jones regarding the events of October 25, 2021, and October 27, 2021, proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: March 26, 2024                                    /s/ Phillip J. Green
                                                              PHILLIP J. GREEN
                                                              United States Magistrate Judge